UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07-CV-P47-H

**RUSLAN LUBENKO**                                                                                      **PETITIONER**

**v.**

**JEFFERSON COUNTY CIRCUIT COURT**                                              **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

The petitioner, Rusan Lubenko, filed this action pursuant to 28 U.S.C. § 2254, seeking federal habeas corpus relief.  He has also filed an application to proceed without prepayment of fees (DN 5), which is **GRANTED**.  The Court will now proceed to review the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  For the reasons set forth below, the Court will direct the petitioner to show cause why this action should not be dismissed for failure to exhaust all available state court remedies.

**I.**

On or about July 28, 2005, the petitioner pled guilty in Jefferson Circuit Court to theft by deception and criminal possession of a forged instrument.  By handwritten letter-complaint postmarked January 22, 2007, addressed to the Clerk of Courts, the petitioner sought the assistance of this Court in challenging his state court convictions and/or sentences.  Because the petitioner appeared to be challenging his state conviction, the Court construed his complaint as seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court then ordered the petitioner to complete the Court's approved § 2254 form, which the petitioner has now done.

From a review of the petitioner's original letter-complaint and completed form, it appears that at the time the petitioner pled guilty in state court he was under the impression that his

conviction would not be treated as an "aggregated felony." It now appears that the petitioner's conviction is being treated as an "aggregated felony" by the INS, and that as a result, he is scheduled to be deported. Accordingly, the petitioner argues that he would not have pled guilty to the charges if he had been advised that doing so could subject him to deportation.

## II.

A federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b);[1] *Martin v. Mitchell,* 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."). Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). A state prisoner must present the substance of every claim he intends to raise in a § 2254 petition to all levels of state court review before pursuing relief in federal court. However, where a prisoner's failure to present a claim to the state court bars state court consideration of the claim, an exception to the

---

[1] Section 2254 provides, in pertinent part:
(b)(1) An application for a writ of habeas corpus ... shall not be granted unless it appears that:
(A) the applicant has exhausted the remedies available in the court of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

exhaustion requirement is made, since further resort to the state courts would be futile. *See Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

It appears that the petitioner is alleging that his trial counsel should have advised him of the possible ramifications of his guilty plea. "Under Kentucky law, claims of ineffective assistance of counsel are to be addressed initially to the trial court through an RCr. 11.42 motion." *Thacker v. Rees*, 841 F.2d 1127 (6th Cir. 1988). Such a motion may be filed anytime "within three years after the judgment becomes final." RCr. 11.42. Accordingly, there are still avenues of relief available to the petitioner in state court, which prohibit this Court from entertaining the present petition.

Based on the foregoing, it appears that the petitioner's § 2254 motion should be summarily dismissed by the Court for failure to exhaust available state remedies. Before dismissing the action on this ground, however, the Court will provide the petitioner with an opportunity to respond. The petitioner's response should be limited to the issue of whether he has exhausted all available state court remedies.

**WHEREFORE, IT IS ORDERED** that within **thirty (30) days** from entry of this Memorandum Opinion & Order, the petitioner must show cause why his § 2254 petition for writ of habeas corpus should not be dismissed for failure to exhaust available state court remedies. The petitioner is warned that failure to respond within the time allotted **will result in dismissal**

**of the action for the reasons set forth herein.**

Date:

cc: Petitioner, *pro se*
4412.008